### THE JOHN H. MAY.

### THE ORION.

### THE OAKLAND.

### RIGGS v. THE ORION AND THE OAKLAND.

#### (District Court, E. D. Pennsylvania. January 17, 1893.)

#### No. 26.

COLLISION—DAMAGES—DETENTION BY STORMS.

A schooner, bound from New York to Jacksonville, Fla., was injured by a collision occurring without her fault while at anchor in the mouth of Chesapeake bay, and was compelled to put into Norfolk for repairs. After the repairs were made, she again started on her voyage, but before reaching the place of collision was compelled by bad weather to put back to Hampton Roads, where she was detained by the storm for several days. *Held,* that she was not entitled to damages for this detention, as it was not such a probable consequence of the collision as might have been foreseen.

In Admiralty. Libel by Riggs, master of the schooner John H. May, against the steamer Orion and the barge Oakland for a collision. The latter vessels were heretofore adjudged to have been alone in fault. 52 Fed. Rep. 882. The cause is now heard upon a case stated for the assessment of damages for detention of the schooner by bad weather after repairs were completed. Claim denied.

The case stated was as follows:

"The schooner John H. May, on a voyage from New York to Jacksonville, Florida, was run into by the Orion and Oakland, while lying at anchor in the mouth of Chesapeake bay. The Orion and Oakland have been adjudged in fault for the collision. The schooner was seriously damaged, and was obliged to put into Norfolk, Virginia, for repairs. The repairs were made, and in coming out from Norfolk, and before getting back to the place in the mouth of Chesapeake where the collision happened, the May was unavoidably detained in Hampton Roads by stress of weather from February 19th to March 1st. Upon the latter date she again reached the point on her voyage where the collision occurred. Compensation is claimed by the libelants, as part of the damage arising from the collision, for this detention of eleven days at Hampton Roads. This claim is resisted by the respondents as too remote. Are the libelants entitled to compensation for this delay?"

Curtis Tilton, for libelant.
Morton P. Henry, for respondents.

BUTLER, District Judge. The question presented must be decided in the respondents' favor. The detention at Hampton Roads was not the direct result of the collision, but of the tempestuous weather which arose subsequently. It was not a probable con-

sequence of the accident, such as should have been foreseen, and is therefore too remote to be chargeable to it.

Furthermore the libelant was virtually back at the place of collision when the detention occurred. She was but eight or ten miles away, and it may be assumed that she could safely have gone this distance, especially with the aid of a tug. She did not go further doubtless because the storm forbade a continuance of her voyage to sea, and made it necessary to seek a harbor somewhere. The safest and most convenient was Hampton Roads, and she therefore stopped here. Had she gone further down she must have returned or sought harbor elsewhere. I do not understand it to be urged that if the storm had arisen after reaching the place of collision, or if the detention had occurred afterwards, such detention would be chargeable to the accident. Of course it would not be. As well might it be said that all detention on the subsequent voyage, from similar cause, (which might probably have been escaped but for the collision,) should be so charged.